UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANA LUCE,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

CASE NO.    C08-5421RBL

REPORT AND RECOMMENDATION

Noted for October 24, 2008

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter is before the court on Defendant's motion to remand (Doc. 10). After reviewing the record, including Plaintiff's response to the motion and Defendant's reply brief, the undersigned recommends that the Court grant the motion.

DISCUSSION

The decision whether to remand a case for further proceedings or simply to award benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000). An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716,

719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. Rodriguez, 876 F.2d at 763.

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). Hoa Hong Van v. Barnhart, 483 F.3d 600, 605 (9th Cir. 2007). A sentence-four remand is essentially a determination that the Commissioner erred in some respect in denying benefits. Id. (citations omitted). The court may order a sentence-six remand if the Commissioner requests a pre-answer remand or on the basis of new, material evidence presented to the court that was for good cause not presented to the Commissioner during the administrative proceedings. Id. In a sentence-six remand, the court does not rule in any way on the correctness of the Commissioner's decision, but orders the Commissioner to consider the new evidence on remand and return to court with the updated record and decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

Defendant is asking the court for a sentence-six remand based on the fact that recording of the administrative hearing held on January 15, 2008 cannot be located at this time and it would like a reasonable period of time to continue to search for the recording. Defendant explains that if the recording cannot be located the Appeals Council will remand the case for a de novo hearing. Plaintiff does not oppose the motion for remand, but request more definite time lines and assignment to a different ALJ.

Plaintiff does not cite or reference any authority for the court to impose the 30 day time limit on the administration to find the missing recording. In contrast, Defendants argues the court should not impose any such limit and to do so would be violating its authority. Defendant argues Congress has not authorized deadlines on the Agency administrative process, citing Heckler v. Day, 467 U.S. 104, 114 (1984) (holding that Congress, fully aware of the serious delays in resolution of disability claims, has declined to impose deadlines on the administrative process. In Congress the concern that mandatory deadlines would jeopardize the quality and uniformity of Agency decisions has prevailed over considerations of timeliness).

The court should not impose a 30 day time limit on the administrative process. A "reasonable" time to search for the recording is warranted. However, the court also would note that a delay of more than 90 days would be untenable.

With regard to Plaintiff's request that the matter be assigned to a different ALJ on remand, the

court notes the selection of a new ALJ on remand has been considered to be within the discretion of the Commissioner of the Social Security Administration. Hartnett v. Apfel, 21 F.Supp.2d 217, 222 (E.D.N.Y.1998) (*citing* Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir.1993)) ( "As a general matter, courts have held that whether a case is remanded to a different ALJ is a decision for the Commissioner to make." ). However, there have been several instances in which courts (including this court) have ordered or recommend that the Commissioner assign a case to a different ALJ on remand. In Kolodnay v. Schweiker, 680 F.2d 878, 879-80 (2d Cir.1982), the court remanded to a new ALJ because the original ALJ had failed to adequately consider the medical evidence. *See also*, Miles v. Chater, 84 F.3d 1397, 1401 (11th Cir.1996) (remanding to a new ALJ because of the original ALJ's failure to support his findings with evidence reflected that "the process was compromised." ); Ventura v. Shalala, 55 F.3d 900, 904 (3d Cir.1995) (remanding to a new ALJ because of original ALJ's offensive conduct).

      Remand to a different ALJ is based on the premise that impartiality of the ALJ is "integral to the integrity of the [disability review process]. " Miles, 84 F.3d at 1401 (internal citations omitted). The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Remand to a new ALJ is necessary in those situations which compromise that integrity. Specifically, when the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate. Factors for consideration in this determination include: (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand ; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party. Sutherland v. Barnhart, 322 F.Supp.2d 282, (E.D. NY 2004); see also 20 C.F.R. § 404.940.,

      Here, the matter is being remanded pursuant to sentence-six. The court has not reviewed the administrative record and the court has not reviewed the ALJ's decision in light of that record. Moreover, Plaintiff has not shown any clear bias or fundamental unfairness if the matter returns to the previous ALJ for reconsideration.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the administration as proposed by the Defendant. Accordingly, the Court should remand this case for further administrative proceedings under sentence-six of 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 24, 2008**, as noted in the caption.

DATED this 2nd day of October, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge